IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GLENN A. HEATH,**

                Petitioner,

     v.                           CASE NO.  11-3194-SAC

**DAVID R. McKUNE,**
**et al.,**

                Respondents.

O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the Lansing Correctional Facility, Lansing, Kansas.  The filing fee has been paid.  Mr. Heath was convicted in 1996 in Shawnee County District Court of first degree felony murder in connection with the death from abuse of his live-in girlfriend's two-year old son.  Having examined the materials filed, the court finds as follows.

As ground one for this Petition, Mr. Heath claims that the state court lacked jurisdiction to convict him or sentence him for felony murder.  As factual support, he alleges that the underlying felony required for his conviction of first degree felony murder was dismissed.  He additionally claims that the KPB lacked jurisdiction to consider "the offense behavior connected to the dismissed conviction" in denying him parole.

As ground two, petitioner claims that the KPB's decision to deny his application for parole was arbitrary and capricious.  In support he alleges that he is no risk to the public or himself; he has remained and is able and willing to be a law-abiding citizen; he has been employed since his incarceration; and he has attained marketable work skills and higher education, and participated in

rehabilitation re-entry programs. He also complains that the KPB Action Notice is "a purely conclusionary (sic) statement of 'facts'."

The court is asked to order petitioner's release from confinement due to the invalidity of his conviction and due to the arbitrary and capricious result of the KPB's decision on his parole application.

## CHALLENGE TO CONVICTION NOT PROPERLY RAISED UNDER § 2241

A "person in custody pursuant to the judgment of a state court" seeking to challenge his conviction or sentence may only do so by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Heath's claim that the trial court lacked jurisdiction to convict and sentence him for felony murder is clearly a challenge to his state conviction or sentence that may only be brought in a § 2254 petition. In this Circuit, a petition filed pursuant to § 2241 is for challenges to the execution on an inmate's sentence rather than its validity. The court finds that Mr. Heath's § 2254 claim is not properly raised in this § 2241 petition, and dismisses it on that basis.[1]

The court declines to construe this petition as one under § 2254, for two reasons. First, this petition contains other claims that are properly raised under § 2241, and the action shall proceed

---

[1] The court does not determine the merits of this claim. However, it remarks that Mr. Heath seems to misunderstand the basis for and the effect of the reversal of his conviction for child abuse. The child abuse conviction was overturned only because his felony murder conviction also included the element of child abuse. He could not be convicted of two criminal charges based on the same acts of abuse, but he could and was convicted of one criminal charge based on those abusive acts. The fact that the duplicative criminal count was dismissed did not result in the abuse element in the felony murder conviction also being invalidated or dismissed.

2

as a § 2241 petition upon those claims only.  Second, if the court construed a portion of this action as a § 2254 petition, it would be dismissed because it is an unauthorized second and successive application.

The court takes judicial notice of the following court files. <u>Heath v. Roberts</u>, Case No. 02-3349-JTM (Nov. 5, 2004), is a § 2254 action previously filed by Mr. Heath that was denied on the merits. Petitioner appealed the denial, and was denied a Certificate of Appealability by the Tenth Circuit Court of Appeals (Appeal No. 04-3479, June 30, 2005).  He also unsuccessfully appealed to the U.S. Supreme Court (Sup.Ct. No. 05-7897). <u>Heath v. Roberts</u>, Case No. 08-3124-SAC (June 3, 2008), is another § 2254 petition filed by Mr. Heath, which was transferred by this court pursuant to 28 U.S.C. § 2244(b) to the Tenth Circuit Court of Appeals for consideration of preauthorization because it was a second and successive application. Preauthorization was apparently denied (Appeal No. 08-3154).

Mr. Heath should be well aware from his prior second and successive application that before such an application "is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Yet, there is no indication that he has sought and been granted preauthorization to bring his § 2254 claim in this Petition.  This court could transfer this claim to the Tenth Circuit for consideration of authorization.  It finds instead instead that the interests of justice would not be served by such a transfer.

Furthermore, the records in Mr. Heath's initial habeas action indicate that he has not exhausted state court remedies on his claim

of a lack of jurisdiction. A § 2254 petition "shall not be granted unless" the applicant has properly and fully exhausted all the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). In addition, it is plain that the one-year statute of limitations in which Mr. Heath was required to file any § 2254 petition has expired. Accordingly, even if this claim were considered under § 2254, it would be dismissed for lack of jurisdiction.

**PAROLE DENIAL CHALLENGES PROPERLY RAISED UNDER § 2241**

Petitioner's claims regarding the denial of his application for parole are challenges to the execution of his sentence that are properly raised in this § 2241 petition. However, as Mr. Heath was previously informed,[2] it is well-settled that before filing a § 2241 petition challenging the denial of parole, an inmate must have exhausted all remedies available within the State. Petitioner makes no showing in his Petition that he has fully and properly exhausted all administrative remedies available for appealing the denial of his application for parole. His conclusory statement that he exhausted by asking for a new parole hearing is not sufficient to show exhaustion of administrative remedies by way of the proper procedures on all claims he raises herein. Nor does petitioner show that he has fully exhausted all remedies available in the courts of

---

[2] The court takes judicial notice of Heath v. State of Kansas, Case No. 11-3142-SAC (Oct. 14, 2011). In that complaint filed by Mr. Heath pursuant to 42 U.S.C. § 1983 against the Kansas Parole Board and others, Mr. Heath also challenged the denial of his application for parole. He was ordered to show cause why that action should not be treated as a § 2241 petition and dismissed for failure to exhaust state remedies and to state a claim.

4

the State.[3]

Even if petitioner could demonstrate exhaustion, the court also finds that the fact allegations in this Petition fail to state a violation of federal or constitutional law so as to entitle him to relief in federal court. 28 U.S.C. § 2241. Petitioner's assertion that the KPB lacked jurisdiction to deny him parole based upon "the offense behavior connected to the dismissed conviction" has no legal or factual merit for reasons already stated herein and in his § 1983 action. As the court attempted to explain in its order screening Mr. Heath's § 1983 complaint, his acts of abuse that constituted the underlying felony in his conviction for felony murder were not proven untrue by the overturning of his conviction for child abuse. The child abuse conviction was overturned because it was duplicative, not because he was found by a judge or jury not to have committed any acts of abuse. And once the duplication was removed, the single conviction based upon his acts of abuse was valid.

Petitioner's claim that the KPB's decision to deny parole was arbitrary and capricious also has no factual or legal merit. Even taking as true Mr. Heath's allegations that his behavior in prison has been exemplary and that he poses no public threat, those facts alone do not entitle him to early release from the punishment imposed for his crime. As petitioner was informed in his § 1983 case, Kansas Parole Board members were authorized to consider a wide range of information in deciding whether to grant or deny parole;

---

[3] It appears from allegations in his Petition that Mr. Heath has a petition filed pursuant to KSA 60-1501 pending in state court. Until he has presented every claim raised herein to a state district court and then by way of the proper appeal procedures ultimately to the highest state court, he has not exhausted state judicial remedies.

5

and their denial based upon the serious and violent nature and circumstances of his crime, objections to his release, and several other factors set forth in their Notice of Action was well within their authority under the applicable state law.  As he was also advised in his other pending action, he has, in any event, no federally protected liberty interest in release on parole.  It necessarily follows that petitioner's allegations that the KPB Action Notice is conclusory and fails to advise him of sufficient facts to permit him to obtain parole, present no valid federal due process claim.

In sum, petitioner's § 2254 claim is dismissed without prejudice and his § 2241 claims are subject to dismissal for the reasons stated herein.  Petitioner is given the opportunity to show cause why his § 2241 claims should not be dismissed for failure to exhaust all available State remedies and for failure to state a federal constitutional claim as discussed herein.  If he fails to make these showings within the allotted time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner's challenge to his conviction and sentence, which may only be brought under 28 U.S.C. § 2254, is dismissed as improperly brought in this § 2241 petition and for lack of jurisdiction.

**IT IS FURTHER ORDERED** that petitioner is granted twenty (20) days in which to show that he has fully and properly exhausted all available administrative and state court remedies on his claims challenging the denial of his parole application and to show cause why these claims and this action should not be dismissed for the

reasons stated herein.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
